ty of selling whisky and beer in a dry area, as charged in count No. 1 of the information, and of the sale of beer in a dry area as charged in count No. 2, and further adjudging that the State of Texas recover the sum of $200 fine and costs and providing for appellant's commitment to jail for six months and until the fine and costs are paid.

The judgment effectively cumulated the two jail terms of three months each, and is in the form approved by this court in Abston v. State, Tex.Cr.App., 253 S.W.2d 41.

The judgment is affirmed.

Opinion approved by the Court.

### Ex parte WILLIAMS.

### No. 26675.

Court of Criminal Appeals of Texas.

Dec. 2, 1953.

No attorney on appeal for appellant.

William H. Scott, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the Criminal District Court No. 3 of Harris County refusing to discharge appellant on his application for writ of habeas corpus and remanding him to the custody of the sheriff with instructions to deliver him to the agent of the demanding State.

The warrant of the Governor of this State, together with the demand of the Governor of Oklahoma and supporting papers, was introduced in evidence and establishes a prima facie case.

The appellant and his witnesses sought to establish that the appellant was not in the demanding State on the day charged.

No issue was raised as to appellant's identity as being the person named in the demand.

The trial court heard the witnesses; we have reviewed their testimony and fail to find any abuse of the court's discretion.

There are no bills of exception in the record.

The judgment is affirmed.